DAVID A. WIMMER (State Bar No. 155792)
  E-Mail: dwimmer@swerdlowlaw.com
LORI M. YANKELEVITS (State Bar No. 156253)
  E-Mail: lyankelevits@swerdlowlaw.com
KATHIANA AURELIEN (State Bar No. 299902)
  E-Mail: kaurelien@swerdlowlaw.com
**SWERDLOW FLORENCE**
  **SANCHEZ SWERDLOW & WIMMER**
A Law Corporation
9401 Wilshire Blvd., Suite 828
Beverly Hills, California 90212
Telephone: (310) 288-3980

Attorneys for Defendants
H GRANADOS COMMUNICATIONS, INC.
and HENRY GRANADOS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ERIC AU, individually, and on behalf of all employees similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>H GRANADOS COMMUNICATIONS, INC., a California corporation; HG COMMUNICATIONS, INC., a California corporation; HENRY GRANADOS, an individual; CHARTER COMMUNICATIONS, INC., which will do business in California as CHARTER COMMUNICATIONS (CCI), INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2;16-CV-3607<br><br>[Los Angeles Superior Court Case No. BC 615210]<br><br>**CLASS ACTION**<br><br>**NOTICE OF REMOVAL (28 U.S.C. § 1331, 1367(a), 1441(a), AND 1446(a) )**<br><br><br><br>Trial Date:   None Set |

384551.3 / 4404-004

NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendants H Granados Communications, Inc. and Henry Granados ("Defendants"), by and through their counsel, file this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1367(a), and 1441(a), and state the following grounds for removal:

**The Pleadings**

1. On March 29, 2016, Plaintiff Eric Au commenced this civil action by filing a Complaint in the Los Angeles County Superior Court, captioned exactly as above and assigned Case No. BC 615210 and naming as defendants H Granados Communications, Inc., HG Communications, Inc., Henry Granados, and Charter Communications, Inc. (the "Complaint"). A true and correct copy of the Complaint (together with the Summons and Civil Case cover Sheet) is attached hereto as Exhibit A.

2. Plaintiff alleges twelve causes of action in connection various alleged wage and hour violations related to his past employment with Defendants, and seeks to represent a proposed Class comprised of all persons who are employed or have been employed by Defendants in the State of California, during the period of four years prior to the filing of this class action through its resolution, who have worked as non-exempt employees. Complaint ¶ 24. Plaintiff also includes in his Complaint a proposed Subclass, identified as the "FLSA Overtime Class," which includes "all current and former non-exempt employees of Defendants throughout the United States from three (3) years preceding the filing of this Complaint, and who worked more than forty (40) hours in any given week and who were not paid overtime compensation pursuant to applicable [Fair Labor Standards Act] requirements."

Complaint ¶ 4. Plaintiff alleges that Defendants have required, or require, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). Complaint ¶ 39.

3. In addition to Plaintiff's claim under the federal Fair Labor Standards Act, Plaintiff also alleges various state wage and hour violations, violations of California unfair competition law, and seeks penalties pursuant to the Private Attorneys General Act all stemming from the same underlying, alleged facts as the federal claim. For example, Plaintiff's claims under the California Labor Code include failure to pay overtime wages and other benefits in violation of the California Labor Code, failure to comply with itemized employee wage statement requirements, and failure to pay wages twice each calendar month in violation of the California Labor Code. Complaint ¶¶ 54, 85, 101.

4. On April 25, 2016, Defendant H Granados Communications, Inc. acknowledged receipt of the Summons and Complaint, Civil Cover Sheet, Notice of Case Assignment, Early Meeting Stipulation, and Discovery Resolution Stipulation. A true and correct copy of the Notice and Acknowledgment of Receipt is attached hereto as Exhibit B. The Notice of Case Assignment, Early Meeting Stipulation, and Discovery Resolution Stipulation served on H Granados Communications, Inc. are attached hereto as Exhibit C.

5. On May 23, 2016, Defendant, Henry Granados acknowledged receipt of the Summons and Complaint, Civil Cover Sheet, Notice of Case Assignment, Early Meeting Stipulation, and Discovery Resolution Stipulation. A true and correct copy of the Notice and Acknowledgment of Receipt is attached hereto as Exhibit D. The Notice of Case Assignment, Early Meeting Stipulation, and Discovery Resolution Stipulation served on Henry Granados are attached hereto as Exhibit E.

6. On May 4, 2016, Defendant, Charter Communications, Inc. ("Charter") was served with the Summons and Complaint, Civil Cover Sheet, Notice of Case

1  Assignment, and a Voluntary Efficient Litigation Stipulations Packet. A true and
2  correct copy of the Proof of Service is attached hereto as Exhibit F.
3      7.  As of the date of this Removal, Defendants are informed no other
4  pleadings or papers have been filed in this action.
5      8.  Defendants have been informed that while Charter was served with the
6  Complaint on May 4, 2016, it has not yet appeared. Defendants also have been
7  informed that Charter consents to the instant removal to this Court. See Declaration
8  of David A. Wimmer, ¶ 5.
9      9.  The Complaint also names HG Communications, Inc. Defendants have
10 no information or belief that such a legal entity has been served with the Complaint
11 or that it is a legal entity related to Defendants.
12     10. The Complaint also names Does 1-100 as defendants. For purposes of
13 removal, those unknown defendants need not join in this Notice of Removal.
14 Fristoe v. Reynolds Metals Co., 615 F.2d 1209 (9th Cir. 1980).

**Timeliness of Removal**

16     11. This Notice of Removal has been timely filed within 30 days of service
17 of Defendants H Granados Communications, Inc. and Henry Granados. Therefore,
18 the requirement of 28 U.S.C. § 1446(b) requiring removal within 30 days has been
19 satisfied. Cal. Civ. Code § 415.30(c) (service of summons deemed complete on date
20 acknowledgement is executed); see also Murphy Bros., Inc. v. Michetti Pipe
21 Stringing, Inc., 526 U.S. 344, 356 (1999) (noting the 30-day removal period runs
22 from the service of the summons and complaint).

**Federal Question Jurisdiction**

24     12. This action is a civil action over which this Court has original
25 jurisdiction on the existence of a federal question because Plaintiff expressly asserts
26 as his first cause of action violations of the federal Fair Labor Standards Act, 29
27 U.S.C. § 201 et seq. Consequently, Plaintiff's primary cause of action arises under
28 the laws of the United States. A suit filed in state court under the Fair Labor

Standards Act may be removed to federal court. Breuer v. Jim's Concrete, Inc., 538 U.S. 691 (2003).

13. Pursuant to 28 U.S.C. § 1331, Federal District Courts shall have original jurisdiction of all civil actions arising under the laws of the United States. Because this action arises under the laws of the United States, it may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

**Supplemental Jurisdiction**

14. Plaintiff's supplemental state law causes of action, all of which are so related to the federal FLSA cause of action that they form part of the same case or controversy under Article III of the United States Constitution, are subject to the supplemental jurisdiction of the Federal District Courts pursuant to 28 U.S.C. § 1367(a). All of Plaintiff's claims arise from a common nucleus of alleged, operative facts – to wit: was Plaintiff properly compensated during his alleged employment with Defendant. Indeed, each cause of action in the Complaint specifically re-alleges and incorporates the same basic factual allegations in the Complaint, including the "Factual Background" set forth in paragraphs 13 through 23. Complaint ¶¶ 13-23.

**Venue**

15. This action was filed in the Superior Court of California for the County of Los Angeles. Defendants are informed and believe that the alleged events that Plaintiff claims gave rise to this action occurred within this judicial district. Thus, as the Complaint was filed in Los Angeles County, California, venue properly lies in the United States District Court for the Central District of California. See 28 U.S.C. §§ 84(c), 1391, 1441(a).

///
///
///
///

384551.3 / 4404-004

5
NOTICE OF REMOVAL

1  WHEREFORE, Defendants H Granados Communications, Inc. and Henry
2  Granados request that this action be brought to this Court, and that this Court
3  exercise its jurisdiction in the premises.

5  DATED: May 24, 2016

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER

By: /s/ David A. Wimmer

DAVID A. WIMMER
Attorneys for Defendants H Granados
Communications, Inc. and Henry Granados

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

384551.3 / 4404-004

6
NOTICE OF REMOVAL

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 9401 Wilshire Blvd., Suite 828, Beverly Hills, CA 90212.

On May 24, 2016, I served true copies of the following document(s) described as **NOTICE OF REMOVAL** on the interested parties in this action as follows:

Richard E. Quintilone II
Alvin B. Lindsay
QUINTILONE & ASSOCIATES
22974 El Toro Road, Suite 100
Lake Forest, CA 92630-4961

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Swerdlow Florence Sanchez Swerdlow & Wimmer's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 24, 2016, at Beverly Hills, California.

*Debra Dawson*
Debra Dawson

384551.3 / 4404-004

NOTICE OF REMOVAL